IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CLAYTON HAUGEN, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | C.A. NO. _____ |
| ACTIVISION PUBLISHING, INC., | § | |
| ACTIVISION BLIZZARD, INC., INFINITY | § | JURY |
| WARD, INC. and MAJOR LEAGUE | § | |
| GAMING CORP., | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Clayton Haugen complains of Defendants Activision Publishing, Inc., Activision Blizzard, Inc., Infinity Ward, Inc. and Major League Gaming Corp., and for his cause of action under the United States Copyright Act, respectfully would show the following:

### I. Introduction

1.      This is an action for copyright infringement under 17 U.S.C. § 501. Plaintiff Clayton Haugen brings this action as the owner of copyrights in two literary works and 22 photographs based on a character that he created named Cade Janus. Haugen wrote *November Renaissance*, a story set in the near future. The central character in *November Renaissance* is Cade Janus, a female vigilante and pariah figure. Haugen created this distinct and multi-dimensional female protagonist for his story because he believed that *November Renaissance* could be a successful film and the unique female lead would distinguish it from an over saturated market of action and science fiction movies.

2.      Haugen then created photographs of the Cade Janus character so that he could present *November Renaissance* to film studios. He recruited a talent to be the closest

1

representation of how he wanted to portray his Cade Janus character. (In the film and television industry, a "talent" portrays a character in an artistic narrative creative work.) In a series of sessions beginning in 2017, he photographed the talent as Cade Janus. Haugen presented his story and photographs to many film studios. He also published the Cade Janus photographs on his web site, on Instagram, and in a series of calendars.

3.　　Defendants produce and market the *Call of Duty* series of videogames. In recent years they realized that they needed more diverse game characters to reflect the makeup of the modern population. They wanted a strong, skilled female fighter, and they found this character in Haugen's Cade Janus.

4.　　Their copying of Haugen's character was deliberate, intentional and comprehensive. Defendants, through contractors they directed:

a. Used Haugen's Cade Janus Photographs as guides for how to frame their own imaging and photographs;

b. Hired the same talent who had posed for Haugen's Cade Janus Photographs;

c. Asked the talent to ask Haugen for the same clothing and gear that she wore when he created the Cade Janus Photographs;

d. Hired the same makeup professional who prepared the talent for Haugen's Cade Janus Photographs;

e. Directed her to do the talent's makeup exactly as she had for Haugen's Cade Janus Photographs;

f. Directed her to style the talent's hair exactly as she had for Haugen's Cade Janus Photographs, even using the same hair piece extension, and then

g. Photographed and three-dimensionally scanned the talent using Haugen's Cade Janus Photographs as a guide.

The resulting photographs were intended to be, and were, copies of Haugen's Cade Janus Photographs.

2

5.     Defendants used these infringing photographs and three-dimensional images to develop the animated in-game character named "Mara" for *Call of Duty: Modern Warfare*, and used additional photographs of "Mara" to market the game. With this infringing female character as the centerpiece of an advertising campaign for the first time in the *Call of Duty* series, they shattered all previous sales and games-played records.   *Call of Duty: Modern Warfare* has generated more than a billion dollars in revenues.

## II. The Parties

6.     Plaintiff Clayton Haugen (hereinafter "Haugen") is a writer, photographer and videographer. He resides in North Carolina and does business in Arizona.

7.     Defendant Activision Publishing, Inc. (hereinafter "Activision") is a corporation organized under the laws of the State of Delaware.  Activision is a wholly owned subsidiary of Defendant Activision Blizzard, Inc. Activision has done business in Texas and has committed copyright infringement in the State of Texas, as is further alleged below.  Activision may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

8.     Defendant Activision Blizzard, Inc. (hereinafter "Activision Blizzard") is a corporation organized under the laws of the State of Delaware.  Activision Blizzard owns 100% of each of Defendants Activision Publishing, Inc., Infinity Ward, Inc. and Major League Gaming Corp. Activision Blizzard has done business in Texas and has committed copyright infringement in the State of Texas, as is further alleged below.  Activision Blizzard may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

9.     Defendant Infinity Ward, Inc. (hereinafter "Infinity Ward") is a corporation organized under the laws of the State of Delaware. Infinity Ward is a wholly owned subsidiary of Defendant Activision Blizzard. Infinity Ward has done business in Texas and has committed copyright infringement in the State of Texas, as is further alleged below.  Infinity Ward may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

10.     Defendant Major League Gaming Corp. (hereinafter "MLG") is a Delaware Corporation with its principal place of business in California. MLG is a wholly owned subsidiary of Defendant Activision Blizzard. MLG has done business in Texas and has committed copyright infringement in the State of Texas, as is further alleged below.  MLG may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

11.     Activision, Activision Blizzard, Infinity Ward and MLG will be referred to collectively herein as "Defendants."

### III. Jurisdiction and Venue

12.     This Court has exclusive federal jurisdiction over the subject matter of Haugen's copyright infringement action under 28 U.S.C. § 1338.  In addition, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this claim arises under the copyright laws of the United States, 17 U.S.C. § 101, et seq.

13.     This Court has specific personal jurisdiction over all Defendants.  Defendants have done business in Texas and have committed copyright infringement in Texas, as is further alleged below. This Court has specific jurisdiction of the Defendants because Defendants knowingly, intentionally and purposefully committed acts of copyright infringement in Texas, in

4

the form of every sale of *Call of Duty: Modern Warfare* that took place in Texas or resulted in the download or other delivery of a copy of the game to a purchaser in Texas.  Under the Copyright Act of 1976, a copyright owner has certain exclusive rights, including the exclusive right to make copies and derivatives of the owner's works, and the exclusive right to distribute, by sale, rental, gift or otherwise, copies of the copyright owner's works.  Any violation of the copyright owner's exclusive rights is an infringer of the copyrights. 17 U.S.C. § 501(a).  Each distribution or sale of each infringing copy is a new, separate, and distinct act of copyright infringement.

15.     A substantial portion of Haugen's entitlement to relief under the Copyright Act arises from the sales and distributions of *Call of Duty: Modern Warfare* in Texas. Haugen incorporates by reference his allegations below describing the specific infringing conduct that Defendants directed to Texas.

16.     Venue in this District is proper under 27 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) and (c) because Defendants do business in and may be found in this District.  As one example, the game *Call of Duty: Modern Warfare* is sold at many locations in Marshall, Texas, including the GameStop store located in Marshall Plaza, 1711 E. End Blvd. N., Marshall Texas, 75670.

## IV. Factual Background

17.     Plaintiff Clayton Haugen is a writer, photographer and videographer. His story *Hard Kill* was released in August 2020 as a full-length feature film starring Bruce Willis. His photography and other works are centered on dystopian science fiction, post-apocalyptic, and military themes.

**A. Haugen Writes *November Renaissance*, a Story Based on the Character "Cade Janus."**

18.     Haugen wrote *November Renaissance*, a story set in the near future where the Regulus Corporation has monopolized the process of "human augmentation." This technology allows the human brain to interface with computer systems. While being unknowingly led by a non-human intelligence, Regulus corrupted this once-promising technology to create and profit from social class divisions.

19.     Cade Janus is an athletic vigilante and paramilitary figure. Her father, Frank Janus was identical in nature and after uncovering the conspiracy of a non-human intelligence conducting the affairs of the world's most powerful technology corporation, Frank organized and led an underground group of ex-military personnel to stop Regulus. After they were betrayed by one of their one, they failed and Frank disappeared. After Frank vanished from Cade's life, she was adopted and raised by one of the survivors of Frank's organization. This individual taught her all the methodologies of unconventional warfare that made Frank's team as effective as they were. As Regulus tries to steal a new competitor's technology by kidnapping and assimilating its lead scientist into an artificial intelligent network, Cade is forced out of her life of self-imposed exile. Cade subsequently inherits the conflict her father began, but most importantly discovers that her own genetic identity as well as her valued memories serve as the keystone to winning the secret war.

20.     Cade Janus is the central character in *November Renaissance*. While she appears as a seasoned guerrilla-style fighter, she is not without a resonance of duality and hidden layers. Haugen carefully delineated her as more than a stock action hero. She is characterized as a relatable figure who embodies a sense of human vulnerability and flaw. She feels guilt that she did not do enough to vindicate her father's legacy, and other characters have similar regrets that

they did not live up to their parents' ideals. The upstart company depends on her childhood memories to reconstruct her father's own memory and use it to find the Regulus headquarters and rescue the kidnapped scientist. Her character is integral to the plot, its theme, its science fiction technologies and the development of other characters. Haugen created Cade Janus because he believed that a unique, strong female protagonist would distinguish *November Renaissance* from other action and science fiction movies.

**B. Haugen Creates the Cade Janus Photographs to Bring the Character to Life.**

22.     To present, or "pitch" *November Renaissance* to film studios, Haugen needed concept art. He found a talent to portray his conception of Cade Janus. In a series of sessions beginning in 2017, he photographed the talent as Cade Janus. He provided her with clothing and props, including weapons. He hired a professional to do the talent's makeup and style her hair. He chose the settings. He directed the talent in her poses and facial expressions. He made the creative decisions as a photographer about camera angles, color, definition, lighting and shadows. In these many creative decisions, Haugen put his Cade Janus character into tangible form. He brought this character he had envisioned to life so that his audience could not only see her, but also understand and relate to her experience.

**C. The Copyright Office Issues Registration Certificates for Haugen's November Renaissance Works and Cade Janus Photographs.**

23.     Haugen is the author of, and at all times relevant to this claim, has been and is now the sole owner of all right, title and interest in and to the copyrights in the following:

   a. *November Renaissance*, a science fiction story set in the near future featuring a female protagonist named Cade Janus.

   b. *November Renaissance Treatment*, a summary version of *November Renaissance*.

24.     Each of the foregoing works is an individual work of authorship created by Haugen   Each of these works is a literary work and protectable subject matter pursuant to 17 U.S.C. § 102(a)(1).  (Hereinafter, the foregoing works will be referred to collectively as the "November Renaissance Works.")

25.     Haugen is the author of, and at all times relevant to this claim, has been and is now the sole owner of all right, title and interest in and to the copyrights in the following:

a. *Cade Janus Photos 2017*, a collection of three (3) photographs depicting Haugen's Cade Janus character.

b. *Cade Janus 9, DSC_9122.jpg,* a photograph depicting Haugen's Cade Janus character.

c. *Cade Janus Photos 2019*, a collection of eighteen (18) photographs depicting Haugen's Cade Janus character.

26.     Each of the foregoing photographs is an individual work of authorship created by Haugen   Each of these photographs is protectable subject matter pursuant to 17 U.S.C. § 102(a)(5).  (Hereinafter, the photographs and groups of photographs described in Paragraph 25 will be referred to collectively as the "Cade Janus Photographs.")

27.     Haugen has registered his November Renaissance Works and his Cade Janus Photographs with the United States Copyright Office, as follows:

a. The Copyright Office has issued Certificate of Registration No. TX 1-822-178 for *November Renaissance*, with an effective date of June 23, 2012. The effective date of this Certificate of Registration is within five years of the creation and first publication of the *November Renaissance* work.

b. The Copyright Office has issued Certificate of Registration No. TX 1-862-500 for *November Renaissance Treatment*, with an effective date of April 9, 2013. The effective

date of this Certificate of Registration is within five years of the creation and first publication of the *November Renaissance Treatment* work.

c.  The Copyright Office has issued Certificate of Registration No. VA 2-229-431 for *Cade Janus Photos 2017*, with an effective date of December 21, 2020. The effective date of this Certificate of Registration is within five years of the creation and first publication of the three photographs in the *Cade Janus Photos 2017* collection.

d.  The Copyright Office has issued Certificate of Registration No. VA 2-229-937 for *Cade Janus 9, DSC_9122.jpg*, with an effective date of December 21, 2020. The effective date of this Certificate of Registration is within five years of the creation and first publication of the *Cade Janus 9, DSC_9122.jpg* photograph.

e.  The Copyright Office has issued Certificate of Registration No. VA2-232-780 for *Cade Janus Photos 2019*, dated December 21, 2020. The effective date of this Certificate of Registration is within five years of the creation and first publication of the eighteen photographs in the *Cade Janus Photos 2019* collection.

28.     Pursuant to 17 U.S.C. § 410(c), each of the foregoing Certificates of Registration constitutes prima facie evidence of the validity of the respective copyrights and of the facts stated in each Certificate. Because the Copyright Office was required by 17 U.S.C. § 410(a) to examine the deposit materials and determine whether they constituted copyrightable subject matter before issuing the Certificates of Registration, that administrative determination is also evidence that Haugen's November Renaissance Works and his Cade Janus Photographs constitute copyrightable subject matter.

29.     Haugen has complied in all respects with Title 17 of the United States Code, §101 et seq. and all other United States laws governing copyrights, and has secured the exclusive

rights and privileges in and to the copyrights to his November Renaissance Works and his Cade Janus Photographs. Haugen's copyrights in his November Renaissance Works and his Cade Janus Photographs are presently valid and subsisting, and were valid and subsisting from the moment of their creation.

**D. Defendants Infringe Haugen's Copyrights in his Cade Janus Character and Photographs.**

30.     Haugen presented his story and photographs to many film studios. He published the Cade Janus photographs on his web site, on Instagram, and in a series of calendars.

31.     Defendants copied Haugen's Cade Janus photographs without his knowledge or permission. The photograph titled "Cade Janus 16" with a file title DSC_9470.jpg was used by Defendants in the development of their *Call of Duty: Black Ops 4* game. In a development document called "Project Odyssey," dated September 8, 2017, Defendants included a copy of Haugen's "Cade Janus 16" photograph on the "CASTING" page "07" under the heading "THE FACE OF THE NEAR FUTURE":



Cade Janus 16                 Project Odyssey page 07

32.     The "Project Odyssey" document establishes that Defendants had access to Haugen's Cade Janus Photographs and his Cade Janus character at least as of September 2017.

33.     The "Project Odyssey" document described Defendants' casting goal: "Our casting should be reflective of the makeup of the modern population." The *Call of Duty* games needed more diverse characters. The next game in their *Call of Duty* series was *Call of Duty: Modern Warfare*. A strong, skilled female fighter was just what Defendants needed, and they found this character in Haugen's Cade Janus Photographs.

34.     Infinity Ward contacted the same talent Haugen had cast for his Cade Janus Photographs. They hired her to pose for photographs and three-dimensional scanning that they would use to develop the animated in-game character named "Mara" for *Call of Duty: Modern Warfare*, and also to market the game. In this process, Infinity Ward and its contractors used Haugen's Cade Janus Photographs as a guide, at one point posting them on the wall of the studio.

35.      In addition to hiring the same talent, they also hired the same makeup professional who had prepared the talent for Haugen's Cade Janus Photographs. They instructed the makeup professional to prepare the talent exactly as she had done for Haugen's Cade Janus Photographs. They instructed her to style the talent's hair exactly as she had done for Haugen's Cade Janus Photographs, even using the same hair piece extension.

36.     Defendants provided the talent with military style clothing similar to what Haugen provided to her from his wardrobe when she posed for his Cade Janus Photographs. Defendants had even tried to use Haugen's own wardrobe and props. One contractor that Defendants hired did not have female tactical clothing and they asked the talent to try to get Haugen to lend her the same clothing and props from his Cade Janus Photographs.

37.     To conceal their planned infringement of Haugen's Cade Janus Photographs and his Cade Janus character, Defendants required the talent and the makeup professional to sign Non-Disclosure Agreements.

38.     The result was an animated character and a set of photographs that were intended to be, and were, copies of Haugen's Cade Janus Photographs. The "Mara" character is a skilled female fighter like the character that Haugen described as "Cade Janus" in his *November Renaissance* Works. The "Mara" in-game character's appearance is substantially similar to the female fighter depicted in Haugen's Cade Janus Photographs. The Defendants' game *Call of Duty: Modern Warfare* infringes Haugen's copyrights in his Cade Janus character and his Cade Janus Photographs. The following side-by-side example demonstrates that the Defendants' photographs are copies of Haugen's Cade Janus Photographs



Cade Janus 13          2019 Photo Shoot

39.   The following images show the similarity between Haugen's Cade Janus Photographs and Defendants' in-game character copies:



Cade
Janus 4

Cade
Janus 8

Cade
Janus 11

Cade
Janus 12

"Mara"
In-Game
Character

Cade
Janus 15

Cade
Janus 17

Cade
Janus 18

Cade
Janus 22

"Mara"
In-Game
Character



Cade Janus 19

"Mara" In-Game Character

40.     The next set of side-by-side images show the similarity between Haugen's Cade Janus Photographs and Defendants' marketing photograph copies:

 

Cade Janus 6                    "Mara" Marketing Photo



Cade Janus 3                    "Mara" Marketing Photo



Cade Janus 14 (Inset: "Mara" Marketing Photo)

## E. Defendants Market and Release *Call of Duty: Modern Warfare*

41.     The "Mara" photographs were central to Defendants' marketing of *Call of Duty: Modern Warfare*. The next images are from Defendants' marketing materials:













42.     The stolen "Mara" character was the first female character that Defendants had featured to this extent in advertising any of their *Call of Duty* games. The marketing of *Call of Duty: Modern Warfare* resulted in a "blockbuster launch" of the game.

17

43.   Defendants released *Call of Duty: Modern Warfare* on October 25, 2019.

According to an Activision press release dated October 30, 2019,

> "Activision's Call of Duty®: Modern Warfare® had more than $600 million in sell-through worldwide in its first three days of release. The title has sold more units in its first three days than any other Call of Duty® game sold in its first three days in this console generation, and is the top-selling new premium game release of 2019. Modern Warfare also established a new record as the #1 top-selling digital opening in Activision history. With its blockbuster launch, in its first three days of release, Call of Duty: Modern Warfare more than doubled the box office opening of Joker

> "Modern Warfare set new records on the PlayStation Network for the highest digital pre-orders and highest three-day digital sales ever on PlayStation 4. Modern Warfare also has become the #1 top-selling Call of Duty PC launch ever...."

44.   A December 18, 2019 Activision press release announced that "Call of Duty: Modern Warfare Is #1 Most Played Call of Duty Multiplayer of This Console Generation."

> "Activision's Call of Duty®: Modern Warfare® continues to drive momentum delivering new highs in multiplayer engagement within the franchise for this console generation. Modern Warfare has outpaced all previous Call of Duty multiplayer experiences of this generation in hours played, hours per player and average daily players on its way to becoming the most played Call of Duty multiplayer in the first 50 days since launch in six years.

> "The award-winning title, which has sold more than $1 billion in sell-through worldwide, has surpassed 500 million multiplayer hours played since release with nearly 300 million multiplayer matches."

45.   Haugen has never authorized Defendants to make copies of any part of his November Renaissance Works and his Cade Janus Photographs, including the depictions of the character Cade Janus. Haugen has never authorized Defendants to make derivatives of any part of his November Renaissance Works and his Cade Janus Photographs, including the depiction of the character Cade Janus. Haugen has never authorized Defendants to distribute copies or derivatives of his November Renaissance Works and his Cade Janus Photographs, including the depiction of the character Cade Janus. Haugen has never authorized Defendants to reproduce his

November Renaissance Works and his Cade Janus Photographs, including the depiction of the character Cade Janus, in any form.  Haugen has never entered into any agreements of any kind with Defendants.

46.    Defendants have infringed Haugen's copyrights in his November Renaissance Works and his Cade Janus Photographs by violating Haugen's exclusive rights as a copyright owner, including the following:

a.  Defendants made copies of Haugen's November Renaissance Works and his Cade Janus Photographs, including his character Cade Janus, by creating, or causing to be created, the videogame character "Mara" in *Call of Duty: Modern Warfare*.

b.  Defendants made copies of Haugen's November Renaissance Works and his Cade Janus Photographs, including his character Cade Janus, by creating, or causing to be created, marketing images of the videogame character "Mara" in *Call of Duty: Modern Warfare*.

c.  Defendants made derivatives of Haugen's November Renaissance Works and his Cade Janus Photographs, including his character Cade Janus, by creating, or causing to be created, the videogame character "Mara" in *Call of Duty: Modern Warfare*.

d.  Defendants made derivatives of Haugen's November Renaissance Works and his Cade Janus Photographs, including his character Cade Janus, by creating, or causing to be created, marketing images of the *Call of Duty: Modern Warfare* character "Mara."

e.  Defendants distributed, by sale or otherwise, copies or derivatives of Haugen's November Renaissance Works and his Cade Janus Photographs, including his character Cade Janus, by distributing the game  *Call of Duty: Modern Warfare*.

f.  Defendants distributed, by sale or otherwise, copies or derivatives of Haugen's November Renaissance Works and his Cade Janus Photographs, including his character

Cade Janus, by distributing marketing images of the videogame character "Mara" in *Call of Duty: Modern Warfare*.

47.     These infringements have resulted in more than a billion dollars in sales of infringing copies of Haugen's works, including his character Cade Janus.

48.     Haugen therefore brings this action to protect his rights under federal law.

### V. Cause of Action: Copyright Infringement

49.     Haugen complains of Defendants for copyright infringement and incorporates paragraphs 1 - 48  above by reference.

50.     The creation of copies or derivatives of Haugen's November Renaissance Works and his Cade Janus Photographs, including his character Cade Janus, and the distribution of such copies or derivatives by Defendants has infringed and continues to infringe Haugen's copyrights.

51.     In the alternative, Activision Blizzard has or has had a direct financial interest in the infringement of Haugen's copyrights in his November Renaissance Works and his Cade Janus Photographs, including his character Cade Janus, by Activision, Infinity Ward, MLG and Defendants' contractors, but has failed and continues to fail to prevent their infringement of Haugen's copyrights.  Activision Blizzard is therefore liable for vicarious infringement of Haugen's copyrights by Activision, Infinity Ward, MLG, and Defendants' contractors.

52.     In the further alternative, Activision has or has had a direct financial interest in the infringement of Haugen's copyrights in his November Renaissance Works and his Cade Janus Photographs, including his character Cade Janus, by Infinity Ward, MLG, and Defendants' contractors, but has failed and continues to fail to prevent their infringement of Haugen's copyrights.  Activision is therefore liable for vicarious infringement of Haugen's copyrights by Infinity Ward, MLG, and Defendants' contractors.

53.     In the further alternative, each of the Defendants, with knowledge of the infringing activities of the other Defendants and Defendants' contractors, has intentionally induced and/or encouraged such infringing conduct, and continues to induce and/or encourage such infringing conduct, and each Defendant is liable for contributory infringement of Haugen's copyrights.

54.     Haugen is entitled to recover all monetary remedies from Defendants' infringement, including all of their profits attributable to their infringements, to the full extent permitted by 17 U.S.C. § 504.

55.     Haugen is entitled to recover his costs, including attorney's fees, incurred in this action to the full extent permitted by 17 U.S.C. § 505.

56.     All conditions precedent to the filing of this action for copyright infringement have occurred.

## VI. Jury Demand

57.     Pursuant to Federal Rule of Civil Procedure 38, Haugen respectfully demands trial by jury on all issues so triable. Pursuant to Local Rule CV-38(a), Haugen has filed a separate document making this jury demand.

WHEREFORE, PREMISES CONSIDERED, Clayton Haugen prays that Defendants be cited to appear and answer, and that upon final trial that he have and recover from Defendants as set forth above, and that he have such other relief as it may show himself entitled.

Respectfully submitted,

*/s/ Patrick Zummo*
Patrick Zummo
State Bar No. 22293450
**LAW OFFICES OF PATRICK ZUMMO**
Two Houston Center
909 Fannin, Suite 3500
Houston, Texas 77010
(713) 651-0590 (Telephone)
(713) 651-0597 (Facsimile)
pzummo@zoomlaw.com

Timothy Micah Dortch
State Bar No. 24044981
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
(214) 396-9427 (Telephone)
(469) 217-8296 (Facsimile)
mdortch@potts-law.com

**CHRISTOPHER D. LINDSTROM**
State Bar No. 24032671
**POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
(713) 963-8881 (Telephone)
(713) 583-5388 (Facsimile)
clindstrom@potts-law.com

*Attorneys for Plaintiff*
*Clayton Haugen*