# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CLAYTON HAUGEN, <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION PUBLISHING, INC., ACTIVISION BLIZZARD, INC., INFINITY WARD, INC., and MAJOR LEAGUE GAMING CORP., <br><br> Defendants. | Civil Action No. 2:21-cv-00035 |

**DEFENDANTS' ANSWER TO PLAINTIFF CLAYTON HAUGEN'S COMPLAINT**

Defendants Activision Publishing, Inc., Activision Blizzard, Inc., Infinity Ward, Inc., and Major League Gaming Corp. (collectively, "Defendants") submit this Answer in response to Clayton Haugen's ("Plaintiff") Complaint for Copyright Infringement ("Complaint"). Defendants deny the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs.

## I.      INTRODUCTION

1. Admit that the complaint purports to state a claim for copyright infringement under 17 U.S.C. § 501. Admit that Plaintiff purports to bring this action as the owner of copyrights in two literary works and 22 photographs based on a character that he purports to have created named Cade Janus. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 except as expressly admitted and therefore deny the same.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore deny the same.

3. Admit that Activision Publishing, Inc. has published a number of games in the *Call of Duty* franchise, including *Call of Duty: Modern Warfare*. Admit that Activision Publishing, Inc. markets games in the *Call of Duty* franchise. Admit that Infinity Ward included a female fighter character in *Call of Duty: Modern Warfare*. To the extent not expressly admitted, deny.

4. Deny.

    a.      Deny.

    b.      Admit that Activision Publishing, Inc. hired Alex Rogers. To the extent not expressly admitted, deny.

    c.      Deny.

    d. Admit that a third-party contractor hired Aeni Domme.  To the extent not expressly admitted, deny.

    e. Deny.

    f. Deny.

    g. Admit that a contractor photographed Alex Rogers.  Admit that Alex Rogers was three-dimensionally scanned.  To the extent not expressly admitted, deny.

  5. Admit that Activision Publishing, Inc. published the game *Call of Duty: Modern Warfare*.  Admit that *Call of Duty: Modern Warfare* includes an animated character named Mara.  Admit that an image of Mara was used to market certain downloadable content for *Call of Duty: Modern Warfare*.  To the extent not expressly admitted, deny.

## II. THE PARTIES

  6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore deny the same.

  7. Admit that Activision Publishing, Inc. is a corporation organized under the laws of the State of Delaware.  Admit that Activision Publishing, Inc. is ultimately owned by Defendant Activision Blizzard, Inc.  Admit that Activision Publishing, Inc. has done business in Texas.  Admit that Activision Publishing, Inc. may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.  Deny that Activision Publishing, Inc. has committed copyright infringement in the State of Texas or elsewhere.  To the extent not expressly admitted, deny.

  8. Admit that Activision Blizzard, Inc. is a corporation organized under the laws of the State of Delaware.  Admit that Activision Blizzard, Inc. owns 100% of each of Activision Publishing, Inc., Infinity Ward, Inc. and Major League Gaming Corp.  Admit that Activision Blizzard, Inc. has done business in the State of Texas.  Admit that Activision Blizzard, Inc. may

be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.  Deny that Activision Blizzard, Inc. has committed copyright infringement in the State of Texas or elsewhere.  To the extent not expressly admitted, deny.

9. Admit that Infinity Ward, Inc. is a corporation organized under the laws of the State of Delaware.  Admit that Infinity Ward, Inc. is ultimately owned by Activision Blizzard, Inc.  Deny that Infinity Ward has done business in the State of Texas.  Admit that Infinity Ward, Inc. may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.  Deny that Infinity Ward, Inc. has committed copyright infringement in the State of Texas or elsewhere.  To the extent not expressly admitted, deny.

10. Admit that Major League Gaming Corp. is a Delaware Corporation with its principal place of business in California.  Admit that Major League Gaming Corp. is a wholly owned subsidiary of Activision Blizzard, Inc.  Admit that Major League Gaming Corp. may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.  Deny that Major League Gaming Corp. has done business in the State of Texas. Deny that Major League Gaming Corp. has committed copyright infringement in the State of Texas or elsewhere.  To the extent not expressly admitted, deny.

11. Admit that Plaintiff collectively refers to Activision Publishing, Inc., Activision Blizzard, Inc., Infinity Ward, Inc., and Major League Gaming Corp. as "Defendants" in the Complaint.

### III.   JURISDICTION AND VENUE

12. Admit that this action purports to arise under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. Defendants do not contest that this Court has subject matter

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

13. Plaintiffs' description of the Copyright Act states a legal conclusion to which no response is required. To any extent such a response is deemed necessary, deny. To the extent not expressly admitted, deny.

15. Deny.

16. Deny.

## IV. FACTUAL BACKGROUND

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore deny the same.

### A. Haugen Writes *November Renaissance*, a Story Based on the Character "Cade Janus."

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore deny the same.

### B. Haugen Creates the Cade Janus Photographs to Bring the Character to Life.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore deny the same.[1]

### C. The Copyright Office Issues Registration Certificates for Haugen's November Renaissance Works and Cade Janus Photographs.

23. Defendants lack knowledge or information sufficient to form a belief as to the

---

[1] The Complaint does not have a paragraph numbered 21.

truth of the allegations of paragraph 23 and therefore deny the same.

      a.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.a. and therefore deny the same.

      b.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.b. and therefore deny the same.

24. Admit that Plaintiff refers collectively to the works described in paragraph 23 as the "November Renaissance Works." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 24 and therefore deny the same. Defendants further deny the allegations of paragraph 24 to the extent paragraph 24 states a legal conclusion regarding the nature and protectable status of the works to which no response is required.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore deny the same.

      a.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.a. and therefore deny the same.

      b.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.b. and therefore deny the same.

      c.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.c. and therefore deny the same.

26. Admit that Plaintiff refers collectively to the works described in paragraph 25 as the "Cade Janus Photographs." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 26 and therefore deny the same. Defendants further deny the allegations of paragraph 26 to the extent paragraph 26 states

a legal conclusion regarding the nature and protectable status of the works to which no response is required.

27.     Admit that registration has issued for certain works identified in subsequent paragraphs with the United States Copyright Office.

      a.     Admit that the Copyright Office has issued copyright registration no. TXu001822178 for a work titled *November Renaissance* to Clayton Haugen, with a registration date of June 23, 2012.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.a. and therefore deny the same.

      b.     Admit that the Copyright Office has issued copyright registration no. TXu001862500 for a work titled *November Renaissance Treatment* to Clayton Haugen, with a registration date of April 9, 2013.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.b. and therefore deny the same.

      c.     Admit that the Copyright Office has issued copyright registration no. VA0002229431 for *Cade Janus Photos 2017, Cade Janus 10,Cade Janus 14,Cade Janus 16,* with a registration date of December 21, 2020.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.c. and therefore deny the same.

      d.     Admit that the Copyright Office has issued copyright registration no. VA0002229397 for *Cade Janus 9, DSC_9122.jpg*, with a registration date of December 21, 2020.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.d. and therefore deny the same

    e. Admit that the Copyright Office has issued copyright registration no. VA0002232780 for *Cade Janus Photos 2019, Cade Janus 1,Cade Janus 2,Cade Janus 3,Cade Janus 4,Cade Janus 5,Cade Janus 6,Cade Janus 7,Cade Janus 8,Cade Janus 11,Cade Janus 12,Cade Janus 13,Cade Janus 15,Cade Janus 17,Cade Janus 18,Cade Janus 19,Cade Janus 20,Cade Janus 21,Cade Janus 22*, with a registration date of January 12, 2021.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.e. and therefore deny the same.

  28. Plaintiff's description of the Copyright Act states a legal conclusion to which no response is required. To any extent such a response is deemed necessary, deny.

  29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore deny the same.

  **D.** **Defendants Infringe Haugen's Copyrights in his Cade Janus Character and Photographs.**

  30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore deny the same.

  31. Deny.

  32. Deny.

  33. Admit that the document titled "Project Odyssey" stated "Our casting should be reflective of the makeup of the modern population."  To the extent not expressly admitted, deny.

  34. Deny.

  35. Deny.

  36. Deny.

  37. Deny.

  38. Admit that the character Mara is a skilled fighter and female.  To the extent not

expressly admitted, deny.

39. Deny.

40. Deny.

**E.  Defendants Market and Release *Call of Duty: Modern Warfare***

41. Admit that the first image in paragraph 41 is an image used to market certain downloadable content for *Call of Duty: Modern Warfare*. To the extent not expressly admitted, deny.

42. Deny.

43. Admit that Activision Publishing, Inc. released *Call of Duty: Modern Warfare* on October 25, 2019. Admit that in a press release dated October 30, 2019, Activision Publishing, Inc. stated, "Activision's *Call of Duty®: Modern Warfare®* had more than $600 million in sell-through worldwide in its first three days of release. The title has sold more units in its first three days than any other *Call of Duty®* game sold in its first three days in this console generation, and is the top-selling new premium game release of 2019. *Modern Warfare* also established a new record as the #1 top-selling digital opening in Activision history. With its blockbuster launch, in its first three days of release, *Call of Duty: Modern Warfare* more than doubled the box office opening of Joker. *Modern Warfare* set new records on the PlayStation Network for the highest digital pre-orders and highest three-day digital sales ever on PlayStation 4. *Modern Warfare* also has become the #1 top-selling *Call of Duty* PC launch ever . . ."

44. Admit that on December 18, 2019, Activision Publishing, Inc. released a press release titled "Call of Duty: Modern Warfare Is #1 Most Played Call of Duty Multiplayer of This Console Generation." Admit that in a press release dated December 18, 2019, Activision Publishing, Inc. stated, "Activision's Call of Duty®: Modern Warfare® continues to drive momentum delivering new highs in multiplayer engagement within the franchise for this console

generation. Modern Warfare has outpaced all previous Call of Duty multiplayer experiences of this generation in hours played, hours per player and average daily players on its way to becoming the most played Call of Duty multiplayer in the first 50 days since launch in six years. The award-winning title, which has sold more than $1 billion in sell-through worldwide, has surpassed 500 million multiplayer hours played since release with nearly 300 million multiplayer matches."

45. Admit that Haugen has never given Defendants a direct, express license to any work identified in the Complaint. To the extent not expressly admitted, deny.

46. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

      a.    Deny.

      b.    Deny.

      c.    Deny.

      d.    Deny.

      e.    Deny.

      f.    Deny.

47. Deny.

48. Deny.

**V.    CAUSE OF ACTION: COPYRIGHT INFRINGEMENT**

49. Defendants incorporate by reference their responses set forth in paragraphs 1-48, above.

50. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

51. This paragraph states a legal conclusion to which no response is required. To the

extent a response is deemed required, deny.

52. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

53. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

54. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

55. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

56. This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, deny.

## VI. JURY DEMAND

57. Defendants object to Plaintiff's demand for a trial by jury. A claim for infringer's profits is an equitable one and is not triable of right by a jury. Furthermore, a claim for statutory damages is not triable of right by a jury.

### PLAINTIFF'S PRAYER FOR RELIEF

No response is required. To the extent such a response is deemed necessary, Defendants deny that Plaintiff is entitled to any of the relief requested and denies any factual allegations contained therein.

### AFFIRMATIVE DEFENSES

58. Defendants assert defenses as set forth below. By pleading these defenses, Defendants do not in any way agree or concede that Defendants have the burden of proof or persuasion on any of these issues.

59. Defendants do not presently know all facts concerning the conduct of Plaintiff and

the nature of Plaintiff's claims and their defenses and/or counterclaims sufficient to state all affirmative defenses and/or counterclaims at this time. In addition to the defenses described below, Defendants expressly reserve the right to allege additional defenses and/or counterclaims and amend their Answer to the Complaint as information becomes known through the course of discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE
*(Failure to State a Cause of Action)*

60. The Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
*(First Amendment and/or Fair Use)*

61. Any use of Plaintiff's copyrighted materials is protected by the First Amendment of the United States Constitution and/or 17 U.S.C. § 107.

### THIRD AFFIRMATIVE DEFENSE
*(Waiver, Abandonment, and/or Forfeiture)*

62. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, abandonment, and/or forfeiture.

### FOURTH AFFIRMATIVE DEFENSE
*(Unclean Hands)*

63. Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
*(Laches)*

64. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

*(Estoppel)*

65. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

*(Acquiescence, Ratification, and/or Consent)*

66. Plaintiff's claims are barred in whole or in part by the doctrines of acquiescence, ratification, and/or consent.

## EIGHTH AFFIRMATIVE DEFENSE

*(No Willfulness)*

67. Plaintiff's claims fail in whole or in part because Defendants' conduct was innocent, not willful.

## NINTH AFFIRMATIVE DEFENSE

*(Failure to Mitigate)*

68. Plaintiff's remedies are barred from recovery of damages because of and to the extent of their failure to mitigate their alleged damages (to which, in any event, they are not entitled).

## TENTH AFFIRMATIVE DEFENSE

*(Causation)*

69. Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by independent, intervening, and/or superseding events beyond the control of Defendants and unrelated to Defendants' conduct. Any loss, injury, or damage claimed by Plaintiff was proximately caused by Plaintiff's own acts or omissions, forces, or events unrelated to Defendants' conduct, and/or the acts or omissions of persons or entities other than Defendants, which Defendants do not control.

## ELEVENTH AFFIRMATIVE DEFENSE

*(Injunctive Relief Unavailable)*

70. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy—if any—at law.

## TWELTH AFFIRMATIVE DEFENSE

*(No Ownership)*

71. Plaintiff's claims are barred in whole or in part because Plaintiff does not own the exclusive rights for some or all of the works.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(Independent Creation)*

72. Plaintiff is not entitled to relief because the Mara character was independently created by Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

*(Extraterritoriality)*

73. Plaintiff's claims are barred to the extent the accused conduct was undertaken outside the United States.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(Improper Venue)*

74. Plaintiff is barred from pursuing his claims in the Eastern District of Texas because venue is improper with respect to each Defendant, including without limitation under 28 U.S.C. § 1400.

## SIXTEENTH AFFIRMATIVE DEFENSE

*(Lack of Personal Jurisdiction)*

75. This Court lacks general or specific personal jurisdiction over Major League Gaming Corp.

## SEVENTEENTH AFFIRMATIVE DEFENSE

*(Implied License)*

76.     Plaintiff is not entitled to relief because Defendants had an implied license to use the materials at issue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

*(Improper Venue Due to Forum Selection Clause)*

77.     Plaintiff is barred from pursuing his claims in the Eastern District of Texas because Plaintiff agreed to the exclusive jurisdiction and venue of state or federal courts in Los Angeles County, California to resolve, inter alia, claims for copyright infringement.

Dated:  April 26, 2021                              DURIE TANGRI LLP


By:*/s/ Joseph C. Gratz*
JOSEPH C. GRATZ (CA SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

MELISSA R. SMITH (TX SBN 24001351)
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:    903-934-8450
Facsimile:    903-934-9257


Attorneys for Defendants
ACTIVISION PUBLISHING, INC., ACTIVISION BLIZZARD, INC., MAJOR LEAGUE GAMING CORP., and INFINITY WARD, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Melissa R. Smith*
Melissa R. Smith
