# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CLAYTON HAUGEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ACTIVISION PUBLISHING, INC., ACTIVISION BLIZZARD, INC., INFINITY WARD, INC., and MAJOR LEAGUE GAMING CORP.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-00035-JRG |

**MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER**

Plaintiff Clayton Haugen and Defendants Activision Publishing, Inc., Activision Blizzard, Inc., Infinity Ward, Inc., and Major League Gaming Corp. (collectively, "Defendants") have met and conferred regarding the entry of a Protective Order in this case, and have resolved all disputes regarding the modification of the Protective Order except for one issue: the disclosure of expert witnesses, which is governed by paragraph 5(d) of the proposed Protective Order.

The parties' proposed draft of the Protective Order, which includes the modifications that have been agreed upon by the parties, and Defendants' proposal for the remaining disputed issue, is attached hereto.  For the Court's consideration, the parties' proposals on the disputed provision are presented below.

I.     PARAGRAPH 5(d): DISCLOSURE OF EXPERT WITNESSES

| **Defendants' Proposal** | **Plaintiff's Proposal** |
|---|---|
| [Highly Confidential Attorney's Eyes Only Documents and any information contained therein shall be disclosed only to the following persons: . . .]<br><br>(d)     outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with the following materials:<br><br>    i. a current curriculum vitae of the consultant or expert, identifying the consultant's or expert's current employer and his or her employers in the past (4) four years; | Plaintiff would prefer to use Judge Gilstrap's standard order. Plaintiff is opposed to anything else. |

1

| | |
|---|---|
| such information will be provided to the producing Party at least ten (10) calendar days before access to Protected Documents is to be given to that consultant to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Documents to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order; | |

### A. Defendants' Argument In Support Of Their Proposal

Defendants propose that before a receiving party can disclose another party's Confidential or AEO documents to an expert or consultant, the receiving party must give the producing party the expert's CV and a signed Protective Order Undertaking.  The producing party then has ten days to make any objection it may have to having its Confidential or AEO documents disclosed to the expert.  If the producing party makes such an objection and the parties are unable to resolve it, the producing party has 15 days to seek a protective order against the disclosure of its documents to the expert.  This proposal is taken nearly verbatim from paragraph 5(e) of the Court's Sample Protective Order for Patent Cases.  It is standard practice in cases involving sensitive information, to guard against the inadvertent disclosure of sensitive business information to an expert who may, unbeknownst to the party hiring him or her, have a conflict of interest with the other side.  Defendants are primarily in the industry of video game

development, publishing, and marketing, which is a highly competitive field.  It is thus highly important for Defendants to know who has access to their Confidential and AEO business information, and to ensure that their Confidential and AEO business information and documents are not inadvertently shared with an expert who may have a conflict of interest.  The disclosure, objection, and motion procedure proposed by Defendants protects both sides' interests in maintaining control over their sensitive business information, and imposes minimal burden on either side.

Plaintiff's proposal is to not have *any* disclosure and objection process for experts and consultants.  Plaintiff's proposal is insufficient to address Defendants' concerns about potential conflicts of interest and Defendants' interest in knowing who has access to their Confidential and AEO information and documents.  Under Plaintiff's proposal, Plaintiff's counsel could unilaterally share Defendants' Confidential and AEO information with an expert without any disclosure or notice to Defendants.  Plaintiff's proposal is an inappropriate attempt to hide from Defendants the identity of consulting experts who are accessing Defendants' Confidential and AEO information.  Defendants should be given adequate notice as to which experts are accessing their commercially sensitive information. Plaintiffs have failed to articulate any prejudice or burden resulting from the standard disclosure procedures Defendants have proposed. Defendants' proposal creates a simple procedure that applies for all experts, allows parties to vet conflicts in a transparent way, and is consistent with standard protective orders in this Court.

Defendants respectfully request that the Court enter their proposed language for Paragraph 5(d) of the Protective Order.

Dated:  May 26, 2021                              DURIE TANGRI LLP


By: */s/ Melissa R. Smith*
    JOSEPH C. GRATZ (CA SBN 240676)
    jgratz@durietangri.com
    JESSICA E. LANIER (SBN 303395)
    jlanier@durietangri.com
    CATHERINE Y. KIM (SBN 308442)
    ckim@durietangri.com
    AARON J. BENMARK (CA SBN 312880)
    abenmark@durietangri.com
    217 Leidesdorff Street
    San Francisco, CA  94111
    Telephone:     415-362-6666
    Facsimile:      415-236-6300

    MELISSA R. SMITH (TX SBN 24001351)
    melissa@gillamsmithlaw.com
    GILLAM & SMITH, LLP
    303 South Washington Avenue
    Marshall, TX 75670
    Telephone:     903-934-8450
    Facsimile:      903-934-9257

    *Counsel for Defendants*
    *Activision Publishing, Inc., Activision Blizzard, Inc., Infinity Ward, Inc., and Major League Gaming Corp.*

## CERTIFICATE OF CONFERENCE

I hereby certify that the meet and confer requirements of Civ. L.R. 7(h) have been complied with, and that this motion is opposed.  Counsel for the parties have met and conferred multiple times between May 7, 2021 and May 26, 2021, by telephone and email.  The participants in these meet and confers include Joseph Gratz, Melissa Smith, Catherine Kim, Aaron Benmark, Micah Dortch, Patrick Zummo, and Christopher Lindstrom.  Plaintiff objects to the inclusion of any expert disclosure and objection process in the Protective Order.  Defendants therefore believe that discussions have ended in an impasse, leaving an open issue for the Court to resolve.

                                                    */s/ Melissa R. Smith*
                                                    Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                                    */s/ Melissa R. Smith*
                                                    Melissa R. Smith